

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*modified by*
*O-2580-A*

Honorable Murphy Cole
County Auditor
Liberty County
Liberty, Texas

Dear Sir:

COPY

Opinion No. O-2580
Re: Liberty County may purchase equip-
ment for the described medical
clinic without a bond election,
provided said county has available
funds to expend for such purpose,
and after the Commissioners' Court
has been authorized by a majority of
the qualified tax paying voters at
an election authorizing the Commis-
sioners' Court to establish and
maintain a county hospital.

And related matters.

Your recent request for an opinion of this Depart-
ment on the questions as are herein stated has been received.

We quote from your letter as follows:

"In 1935 Miss Yettie Kersting of Liberty County,
inspired by an ambition to leave a heritage to the
needy of the county, particularly the sick, made a will
dedicating her entire estate to Liberty County, and di-
recting that the proceeds of the same be used for the
purpose of constructing a county hospital.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Murphy Cole, Page 2

"At the time of her death the estate is to be managed by a group of trustees who have been named in her will; said trustees to have the right to buy, sell, or trade, and when the value of said estate is sufficient to build said hospital, to then convert the same into cash and to then transmit the same to Liberty County for the purpose of constructing said hospital.

"Miss Yettie is still living; and has recently decided that she would like to see at least partial realization of her ambition before her death, and has made a proposition to the Commissioners' Court that she would with her own money erect and construct a medical clinic building; and hold the remainder of her properties under her charge and control until her death and the terms of her will take effect.

"The clinic building, if and when erected, to be equipped by Liberty County, will be deeded direct to the county, or a lease will be made, which ever is legal. It is further provided that the county shall, if the clinic is established, furnish a nurse, a record keeper and investigator, a porter, and such supplies and medicines as are needed in the treatment of the indigent sick.

"The Liberty-Chambers County Medical Association has agreed to cooperate by naming from among its own membership physicians who will give a certain number of hours each week to the treatment of the indigent sick, and at no expense to the county.

"The Federal Government through the State Department of Health will contribute approximately $4,000.00 per year by employing a physician a nurse and furnishing medicine for the treatment of venereal diseases, if a county clinic is established and made available to the purpose.

"All the other expense of the clinic, except the medical fees in the treatment of the indigent sick, and for venereal disease control, as mentioned above would be borne by Liberty County.

Honorable Murphy Cole, Page 3

"May Liberty County purchase equipment for such medical clinic without a bond election?

"May Liberty County accept the clinic building by deed or lease?

"May Liberty County spend its funds for the employment of a nurse, a record keeper and investigator, and a porter, and the purchase of necessary medicines and supplies?"

Article 4478, Vernon's Annotated Civil Statutes, reads as follows:

"The commissioners court of any county shall have power to establish a county hospital and to enlarge any existing hospitals for the care and treatment of persons suffering from any illness, disease or injury, subject to the provisions of this chapter. At intervals of not less than twelve months, ten per cent of the qualified property tax paying voters of a county may petition such court to provide for the establishing or enlarging of a county hospital, in which event said court within the time designated in such petition shall submit to such voters at a special or regular election the proposition of issuing bonds in such aggregate amount as may be designated in said petition for the establishing or enlarging of such hospital. Whenever any such proposition shall receive a majority of the votes of the qualified property tax payers voting at such election, said commissioners court shall establish and maintain such hospital and shall have the following powers:

"1. To purchase and lease real property therefor, or acquire such real property, and easements therein, by condemnation proceedings.

"2. To purchase or erect all necessary buildings, make all necessary improvements and repairs and alter any existing buildings, for the use of said hospital. The plans for such erection, alteration, or repair shall first be approved by the State Health Officer, if his approval is requested by the said commissioners court.

"3. To cause to be assessed, levied and collected, such taxes upon the real and personal property owned in the county as it shall deem necessary to provide the funds for the maintenance thereof, and for all other necessary expenditures therefor.

"4. To issue county bonds to provide funds for the establishing, enlarging and equipping of said hospital and for all other necessary permanent improvements in connection therewith; to do all other things that may be required by law in order to render said bonds valid.

"5. To appoint a board of managers for said hospital.

"6. To accept and hold in trust for the county, any grant or devise of land, or any gift or bequest of money or other personal property or any donation to be applied, principal or income or both for the benefit of said hospital, and apply the same in accordance with the terms of the gift.

Article 8, Section 9, Constitution of Texas, provides that "no county, city or town shall levy more than twenty-five cents (25¢) for city or county purposes." And Article 2352, Vernon's Annotated Civil Statutes, follows the same with the provisions that "said county (commissioners') shall have the power to levy and collect a tax for county purposes not to exceed twenty-five cents (25¢) on the one hundred dollar ($100.00) valuation."

The levy of a tax for county purposes would include the levy of a tax to maintain the hospital. However, your attention is called to the limit of twenty-five cents on the one hundred dollar valuation for county purposes, and we would mention that no tax can be levied for the maintenance of the hospital which would have the effect of swelling the levy for general purposes to exceed the twenty-five cent limit.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this Department that before the Commissioners' Court of Liberty County could establish and maintain a county hospital, said court must submit to the qualified tax paying voters at a special election such proposition authorizing the court to establish and maintain a county

801

hospital. Also the proposition of issuing bonds for the purpose of establishing and maintaining the hospital shall be decided by a majority of the qualified property tax paying voters at such election. After the commissioners' court is authorized to establish and maintain a county hospital then said county may purchase equipment for the hospital, or as in the question under consideration, the court may purchase equipment for the medical clinic without a bond election, provided the county has available funds in the general fund to purchase such equipment.

In answer to your second question, you are respectfully advised that after the commissioners' court has been duly authorized to establish and maintain a county hospital as above mentioned, Liberty County may accept the clinic buildings by deed as a gift as provided by Section 6 of Article 4478, supra, or lease as provided in Section 1 of said Article.

With reference to your third question, you are advised that Liberty County may expend available funds out of the general fund for the employment of a nurse, a record keeper, an investigator, a porter, and purchase necessary medicines and supplies.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED AUG 12, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

AW:BBB

